```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| VICTORIA MOORE, | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | |
| v. | Civ. No. 04-4731 (JBS) |
| UNITED STATES of AMERICA, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

Ms. Victoria Moore
#40615-050
FCI Danbury
33 ½ Pembroke Station
Danbury, CT 06811
    Petitioner pro se

Christopher J. Christie
United States Attorney
By:  R. Stephen Stigall, A.U.S.A.
401 Market Street, 4th Floor
Camden, New Jersey 08101
    Attorneys for Respondent

**SIMANDLE**, District Judge:

    This motion is the petition of Victoria Moore ("Petitioner") for habeas corpus relief pursuant to 28 U.S.C. § 2255.  On May 20, 2003, Petitioner pleaded guilty to a two-count information and was sentenced by this Court on September 29, 2003 to a term of imprisonment of 96 months, including a downward departure for her cooperation pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1.  Petitioner now seeks to have this Court vacate, set aside, or correct her sentence, raising four grounds:  (1) she received ineffective assistance of counsel; (2) she was coerced

into the plea agreement; (3) the sentencing enhancements were not stipulated or found by a jury beyond a reasonable doubt; and (4) the Court incorrectly applied the criminal code regarding her substantive offenses.  The principal issue to be determined is whether Ms. Moore knowingly and voluntarily waived her right to file this § 2255 petition as part of her negotiated plea agreement.  For the reasons discussed herein, Petitioner's motion will be denied.

## Background

On or about  April 14, 2002, Petitioner and her co-conspirators planned to use a bomb to blow up her drug dealer's house and car in retaliation to a threat the dealer made against one of the co-conspirator's family members.[1]  (Govt. Br. at 2-3.) Petitioner drove her co-conspirators to purchase the bombs and to the drug dealer's house to detonate them the next day.  (Id. at 6-7.)  The explosion damaged the house and injured two of its inhabitants.  (Id. at 4.)

On October 22, 2002, United States Magistrate Judge Joel B. Rosen issued a two-count criminal complaint against Petitioner. (Id. at 5.)  Count One charged Petitioner with "knowingly aiding and abetting another to receive and possess a[n] [unregistered] firearm, that is, an explosive bomb" (id.,) in violation of 26 U.S.C. §§ 5861(d), 5871, and 18 U.S.C. § 2.  Count Two charged Petitioner with "aiding and abetting another to knowingly and

---

[1] Specifically, the drug dealer made a threat to the mother-in-law of one of the co-conspirators.  (Govt. Ex. 1 at ¶ 25.)

willfully use, carry, and discharge a firearm, that is, an explosive bomb, during and in relation to a drug trafficking crime" (id.,) in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (c)(2).

On April 9, 2003, Petitioner entered into a cooperating plea agreement with the United States, whereby Petitioner agreed to plead guilty to a different two-count Information, Criminal No. 03-393 (JBS). (See Govt. Ex. 2.) Count One of the Information charged Petitioner with "knowingly and willfully conspiring and agreeing . . . to use, carry, and discharge firearms, . . . during and in relation to a drug trafficking crime", pursuant to 18 U.S.C. §§ 921 (a)(3)-(4) and 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(o). (Govt. Br. at 6.) Additionally, Count Two charged Petitioner with "aiding and abetting another to knowingly and willfully use, carry, and discharge a firearm . . . during and in relation to a drug trafficking crime" pursuant to 18 U.S.C. §§ 924 (c)(1)(A)(iii) and (c)(2). (Id. at 7-8.)

On May 20, 2003, Petitioner pled guilty before this Court to both counts of the Information in a written plea agreement. (Id. at 8.) The agreement stated that Petitioner "waives the right to file any appeal, any collateral attack . . . or § 2255 motion [if the sentence imposed upon her is] equal to or less than 138-144 months." (Govt. Ex. 2 at 8.) The same day, this Court conducted an extensive plea colloquy with Petitioner at which time she acknowledged that she fully understood the plea agreement, and

voluntarily agreed to its terms.  (Govt. Ex. 6.)  Specifically, the following colloquy occurred:

> THE COURT: Has anyone threaten[ed] you to plead guilty?
>
> DEFENDANT: No.
>
> THE COURT: Do you understand the plea agreement?
>
> DEFENDANT: Yes, I do.
>
> . . .
>
> THE COURT: Okay.  Do you understand that as part of your plea agreement that there is a partial waiver of your right to appeal, that in the event you are sentenced at or below [138-144 months] that you would not have a right to appeal from a conviction or from that sentence?
>
> DEFENDANT: I understand.
>
> . . .
>
> THE COURT: So, if your sentence ends up being 144 months or less, do you understand that this says that you would be giving up your right to file a 2255 petition?
>
> DEFENDANT: Yes.
>
> THE COURT: And are you giving up this 2255 right under these circumstances knowingly and voluntarily and as a part of your plea agreement?
>
> DEFENDANT: Yes.

(Id. at 13, 43-44, 46-47.)  Thereafter on September 29, 2003, this Court sentenced Petitioner to a term of imprisonment of 96 months by way of downward departure for her substantial assistance to the prosecution in this case, pursuant to U.S.S.G. § 5K1.1.  (Govt. Br. at 12.)

Approximately one year later, Petitioner filed the instant motion to vacate, set aside or correct her sentence under 28

U.S.C. § 2255 raising four grounds:  (1) she received ineffective assistance of counsel; (2) she was coerced into the plea agreement; (3) the sentencing enhancements were not stipulated or found by jury beyond a reasonable doubt; and (4) the Court incorrectly applied the criminal code regarding substantive offenses.  (Pet. at ¶ 12.)

### Discussion

A. <u>Defendant's Guilty Plea was Knowing and Voluntary and with the Effective Assistance of Counsel</u>

Ms. Moore seeks to set aside her plea of guilty because she alleges that her attorney, Assistant Federal Public Defender Anne Blanchard, was ineffective (as alleged in Grounds One and Four) and because she alleges that her plea of guilty was coerced (as alleged in Ground Two).  Logically, the Court must address whether her guilty plea should be set aside on these grounds before considering whether the waiver of § 2255 rights contained in her plea agreement is valid.

Other than her bare assertions in the petition that she felt her attorney gave her no choice but to accept the plea agreement, Ms. Moore puts forth no facts supporting her allegations, and the contemporaneous record of Ms. Moore's understandings, under oath, at the time of her guilty plea, completely undermine her claims. Petitioner bears the burden of demonstrating that but for counsel's allegedly deficient performance, a reasonable probability exists that she would not have pleaded guilty and would have insisted on going to trial.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  Moore's new allegations are completely

5

belied by her statements under oath at the Rule 11 hearing before this Court on May 20, 2003.  (Tr. May 20, 2003 at Govt. Ex. 6.)

At her Rule 11 hearing, following her execution of her Application for Permission to Enter a Plea of Guilty (Ex. C-1 at the hearing, Tr. 5:7-15 and 10:25 to 11:14,) Ms. Moore swore that she understood the charges against her, (id. 11:18 to 12:3) she had reviewed with Ms. Blanchard the evidence the government proffered against her, discussed possible defenses together, explored with Ms. Blanchard the pluses and minuses of pleading guilty, having had enough time to discuss all these things with Ms. Blanchard, prior to reaching her own personal decision to plead guilty.  (Id. 12:1-21.)  She was pleading guilty of her own free will, without threats made against her.  (Id. 12:22 to 13:3.)

Moore read her plea agreement and went over it word-for-word with her attorney who explained what everything meant, leaving Moore with nothing she did not understand, according to her testimony.  (Id. 12:4-23.)  She swore she reviewed all the stipulations attached to her plea agreement, discussed them, understood them and accepted them as part of her plea agreement.  (Id. 13:24 to 14:22.)

The Court explained her constitutional rights to trial by jury and all other important rights, which Ms. Moore indicated she had also discussed with counsel, understood fully, and wished to waive in connection with her plea of guilty, including the right to silence.  (Id. 15:13 to 18:24.)

6

Ms. Moore understood all relevant sentencing procedures and risks, how the Sentencing Guidelines work, how departures are determined, and the maximum penalties provided by law, all explained in detail. (Id. 19:5 to 28:11.) The plea agreement stipulations were then reviewed and accepted by Ms. Moore, who had discussed each detail with her attorney. (Id. 28:12 to 29:24.) Further attention was given to downward departures, including her cooperating plea agreement and the prospect of leniency under U.S.S.G. § 5K1.1 (Id. 30:8 to 33:23.) Ms. Moore provided an extensive factual basis for her crimes of conviction. (Id. 34:4 to 42:11.)

There is, to say the least, a formidable barrier against setting aside a guilty plea where a defendant's solemn declarations in open court demonstrated the lawfulness of the plea. Such testimony carries "a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Here, the entire plea colloquy undermines Ms. Moore's present claims of coercion, lack of understanding, or bad advice from counsel. Her petition offers no reason to reexamine Moore's own words and understandings upon the record of her case.

For these reasons, the Court finds that Moore decided to plead guilty with the effective assistance of counsel, and that the record amply demonstrates that Ms. Moore's petition to set aside her plea of guilty should be denied.

    B.   <u>Petitioner Waived Her Right to File the Present Petition for § 2255 Relief.</u>

Given that the plea agreement was entered knowingly, voluntarily and with the effective assistance of counsel, the question remains whether Ms. Moore has waived her right to seek post-conviction relief under Section 2255 on the remaining grounds raised in her petition.

The instant petition must be dismissed because Petitioner knowingly and voluntarily waived her right to habeas relief under 28 U.S.C. § 2255. A criminal defendant may waive basic constitutional rights, <u>United States v. Mezzanato</u>, 513 U.S. 196, 201 (1995), as well as statutory rights, such as the post-conviction relief sought here. See <u>Shutte v. Thompson</u>, 82 U.S. 151 (1873). Such waivers are permissible and enforceable, <u>United States v. Khattak</u>, 273 F.3d 557, 560 (3d Cir. 2001), and "preserve finality of judgments and sentences imposed." <u>Id.</u> (quoting <u>United States v. Rutan</u>, 956 F.2d 827,829 (8th Cir. 1992)). To allow defendants to rescind waivers would unnecessarily prolong litigation, "affording defendants the benefits of their agreements while shielding them from their self-imposed burdens." <u>Khattak</u>, 273 F.3d at 561. Once a defendant has waived his chance to appeal, a court is "entitled to presume he stands fairly and finally convicted . . . ." <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982).

"[W]aivers of appeals are generally permissible if entered into knowingly and voluntarily." <u>Khattak</u>, 273 F.3d at 558. Here, the agreement was clearly entered into knowingly and

voluntarily. Petitioner signed the plea agreement confirming that she had read, fully understood and accepted its terms. (Plea Agreement dated Feb. 5, 2003, Govt. Ex. 2 at 7.) The agreement states in relevant part:

> Waiver Of Appeal And Post-Sentencing Rights
>
> As set forth in Schedule A, this Office and Victoria R. Moore waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255. Otherwise, this Office specifically reserves the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.

(Id. at 6.) The Plea Agreement set forth her waiver of appeal and post-sentencing rights in a second place, namely, in the Stipulations attached thereto at Schedule A, ¶ 5, which states:

> Victoria R. Moore knows that she has, and voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level, if the total aggregate sentencing range under the Sentencing Guidelines is equal to or less than 138-144 months (18 to 24 months based on a total offense level of 15 on Count One plus 120 months on Count Two). The Unites States will not file any appeal, motion or writ that challenges the sentencing court's determination or imposition of the offense level, if the total aggregate sentencing range under the Sentencing Guidelines is equal to or greater than 138-144 months (18 to 24 months based on a total offense level of 15 on Count One plus 120 months on Count Two). The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. To the extent that any appeal, collateral attack, writ, or motion is barred by this paragraph, the parties agree that it should be dismissed.

(Id. at 8-9.)

Not only did Petitioner consent to the terms of the agreement by signing, but she also acknowledged her complete understanding and voluntary acceptance of the agreement to not file a § 2255 petition orally under oath.  At the plea colloquy, the right to appeal and the right to seek habeas relief under § 2255 were described to her in detail by the Court.  (Tr. May 20, 2003 at 43:4 to 47:19.)  Petitioner even was requested to reread ¶ 5 of Schedule A of her plea agreement, reproduced above, during her plea colloquy, which she did.  (Id. at 43:19-23.)  More specifically, the Court took the time to explain to Ms. Moore her rights to file an appeal, and to seek post-conviction relief under § 2255, and the waivers thereof in her plea agreement. (Id. at 43-47.)  After ascertaining that Petitioner was knowingly and voluntarily waiving her right to appeal if sentenced to less than 144 months, in accordance with Stipulation ¶ 5, supra (see Tr. at 43:3 to 45:25,) the Court turned specifically to inquire about her waiver of the right to petition for § 2255 relief, in which the following colloquy occurred:

> THE COURT: Okay.  Now there is another right besides the right to appeal and that's called the right to file a Section 2255 motion.  Let me explain what that is.  That's also mentioned in Paragraph 5. Ordinarily a person who is sentenced in federal court and who is in prison has a right to file a motion within one year after they've been sentenced, or rather within one year after their conviction becomes final, that's called a Section 2255 petition.  It's filed with me, the sentencing judge, and I would have the authority under such a motion to take a second look at your case and to grant you relief if I find that there was a material mistake made as a matter of constitutional law or federal statutory law in

10

THE COURT:   your conviction or in your sentence.  And as I
             said, every sentenced defendant normally has
             that right within a year after their conviction
             becomes final to file a Section 2255 petition.
             Do you understand that you would normally enjoy
             that right?

DEFENDANT:   Yes.

THE COURT:   Now, under this plea agreement it says that you
             wish to partially give up that right in the
             event that your sentence does not exceed 144
             months.  Do you understand that?

DEFENDANT:   Yes.

THE COURT:   So, if your sentence ends up being 144 months or
             less, do you understand that this says that you
             would be giving up your right to file a 2255
             petition?

DEFENDANT:   Yes.

THE COURT:   And also if your sentence ended up being 145
             months or greater that you would still have a
             right to file a 2255 petition?

DEFENDANT:   Yes.

THE COURT:   Do you understand that?  And is that what you
             wish to do?

DEFENDANT:   Yes.

THE COURT:   And do you understand this aspect of your plea?

DEFENDANT:   Yes.

THE COURT:   And are you giving up this 2255 right under
             these circumstances knowingly and voluntarily
             and as part of your plea agreement?

DEFENDANT:   Yes.

THE COURT:   Okay.  Do you have any questions at all about
             anything that I've covered this afternoon?

DEFENDANT:   No, thank you.

THE COURT:   All right.  I'm going [to] accept your plea of
             guilty to Count 1 and Count 2.  I find that
             there is a factual basis on each of Counts 1 and

11

> 2. I find that your decision to plead guilty is knowing and voluntarily and with the effective assistance of counsel. I find that your waivers of appeal and of a Section 2255 petition under the circumstances described in Paragraph 5 of your stipulations is also knowing and voluntary.

(Id. at 46:1 to 48:2.) There can be no factual doubt, based upon Ms. Moore's own statements under oath, that she read and understood her waiver of the right to file a § 2255 petition if sentenced to less than 144 months, and that her waiver was knowing, voluntary, and given as part of a negotiated plea agreement with the effective assistance of counsel. Petitioner assured the Court that she had discussed those stipulations with her attorney, understood her waiver of rights, and was not forced into signing the agreement. (Tr. May 20, 2003 at 13-19, Govt. Ex. 6.) Specifically the plea colloquy occurred as follows:

    THE COURT:   Is it your personal decision to plead guilty?
    DEFENDANT:   Yes.
    THE COURT:   Are you pleading guilty of your own free will?
    DEFENDANT:   Yes.
    THE COURT:   Has anyone forced you to plead guilty?
    DEFENDANT:   No.

(Id. at 12:19 to 13:1.) Based upon Petitioner's understanding of the plea agreement, and that she entered into it willingly, the waiver contained in the plea agreement was "knowing and voluntary."

Even where a waiver is knowing and voluntary, however, there is a narrow exception to the general rule regarding the finality of waivers. Specifically, a habeas petitioner may obtain

collateral review upon a showing that he suffered "cause and actual prejudice."[2] <u>Frady</u>, 456 U.S. at 167. Under this standard, a petitioner must show: "(1) 'cause' excusing his double procedural default and (2) 'actual prejudice' resulting from the errors of which he complains." <u>Id.</u> at 168. Petitioner here cannot overcome this high hurdle.

Petitioner argues that she received ineffective assistance of counsel through coercion which resulted in her receiving an incorrect sentence. In order to succeed on a claim for ineffective assistance of counsel, a party must show that counsel's representation fell below an objective standard of reasonableness, and but for counsel's errors, the result of the guilty plea would have been different. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985); <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Petitioner here cannot make such a showing.

First, counsel's performance was reasonable. At the plea colloquy, Petitioner confirmed that her lawyer thoroughly discussed the stipulations of the plea agreement. The lawyer not only reviewed the charges in detail with Petitioner, but also discussed and explained the advantages and disadvantages of Petitioner's plea agreement. Specifically, the plea colloquy occurred as follows:

> THE COURT: [H]ave you discussed the charges with your attorney?
>
> DEFENDANT: Yes, we have.

---

[2] This is a substantially higher standard than the usual "plain error" standard for direct appeals under Fed.R.Crim.P. 52(b).

>    THE COURT:      Have you discussed with [your attorney] any
>                    possible defenses that you might have to these
>                    charges?
>
>    DEFENDANT:      Yeah.
>
>    THE COURT:      And have you explored with [your lawyer] the
>                    pluses and minuses of pleading guilty versus
>                    going to trial?
>
>    DEFENDANT:      Yeah.
>
>    THE COURT:      [H]as she explained to you what everything
>                    means?
>
>    DEFENDANT:      Yes, she has.

(Govt. Ex. 6 at 11-13.)  Based on the above and the entire record in this case, the attorney's performance was reasonable.  As a result, Petitioner cannot demonstrate the "cause" element excusing her procedural default.

   Petitioner likewise cannot prove that she suffered "actual prejudice."  Here, Petitioner was clearly not prejudiced by her counsel's performance as she received a sentence well below that which she contemplated in the plea agreement.  The plea agreement outlined how Petitioner's cooperation could result in a reduced sentence for her.  The agreement states in relevant part:  "If [Petitioner] . . . complie[s] with this agreement [the government] will move the sentencing judge . . . to depart from the otherwise applicable guideline range (138-144 months), and to depart from any applicable statutory minimum sentence."  (Govt. Ex. 2 at 3.)  The government upheld its commitment to request a lesser sentence and Petitioner only received 96 months imprisonment, 42 months below the bottom end of the Guideline range.  For these reasons, Petitioner was not prejudiced by

counsel's performance and she received the full benefit of her plea agreement.[3]

---

[3] Petitioner has waived her right to challenge the sentencing court's determination or implementation of the offense level, as held above. This holding thus also precludes Petitioner's Third Ground, that certain sentencing enhancements were not stipulated or found by a jury beyond a reasonable doubt. In any event, even if not waived, such a claim would have no merit. This ground attempts to raise a claim under Blakely v. Washington, 124 S.Ct. 2531 (2004), decided two months before the present petition was filed. The Blakely holding – that in the state court system under review, any contested statutory sentencing enhancement beyond the base offense level must be proven to a jury beyond a reasonable doubt – was addressed to the Federal Sentencing Guidelines in United States v. Booker, 125 S.Ct. 738 (2005), issued on January 12, 2005. The Court of Appeals has held that Booker does not apply retroactively to a conviction which became final before January 12, 2005. Lloyd v. United States, 407 F.3d 608, 611-613 (3d Cir. 2005). In the present case, the conviction, which was not appealed, became final ten days after judgment was entered on September 29, 2003, and thus any relief based upon Blakely or Booker is unavailable as a matter of law.
    Moreover, Ms. Moore's waiver of appeal in her plea agreement also would preclude her request for re-sentencing under Booker. In United States v. Lockett, __ F.3d __, 2005 WL 1038937 (3d Cir. May 5, 2005), the Court of Appeals held that "where a criminal defendant has voluntarily and knowingly entered into a plea agreement in which he or she waives the right to appeal, the defendant is not entitled to re-sentencing in light of Booker." Lockett, 2005 WL 1038937 at *5. The Lockett decision thus provides further reason why Ms. Moore, having knowingly and voluntarily waived both her right to appeal and her right to seek post-conviction relief with respect to sentencing determinations, is not entitled to the relief she seeks herein.

15

Conclusion

    For the above stated reasons, Petitioner's §2255 habeas corpus petition to vacate, set aside, or correct her sentence will be denied due to her waiver of the right to seek habeas relief as to her sentencing, and because her non-sentencing grounds lack merit.  The accompanying Order will be entered.

**June 15, 2005**                                             **s/ Jerome B. Simandle**
Date                                                         JEROME B. SIMANDLE
                                                              U.S. District Judge